UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| AMERICAN FAMILY MUTUAL INSURANCE COMPANY,<br><br>  Plaintiff,<br><br>  vs.<br><br>TIMOTHY A. McCREERY,<br><br>Serve at:  18 Squires Lane<br>          St. Louis, MO 63131<br><br>and<br><br>PAULA J. McCREERY<br><br>Serve at:  18 Squires Lane<br>          St. Louis, MO 63131<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)   Case No.:<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

**COMES NOW** Plaintiff American Family Mutual Insurance Company ("American Family") and for its Complaint for Declaratory Judgment pursuant to Rule 57 and 28 U.S.C. § 2201, states as follows:

**PARTIES, JURISDICTION, AND VENUE**

1. Plaintiff American Family is an insurance company incorporated under the laws of the State of Wisconsin, presently in good standing in the State of Missouri, and is lawfully engaged in the insurance business in the State of Missouri.  Plaintiff American Family's principle place of business is located in the State of Wisconsin, at 6000 American Parkway, Madison, Wisconsin 53783.

2.	Defendant Timothy McCreery is a Missouri citizen, and upon information and belief, reside at 18 Squires Lane, St. Louis, Missouri 63131 in St. Louis County, Missouri.

3.	Defendant Paula McCreery is a Missouri citizen, and upon information and belief, reside at 18 Squires Lane, St. Louis, Missouri 63131 in St. Louis County, Missouri.

4.	Since Plaintiff American Family is a citizen of Wisconsin and Defendants Timothy McCreery and Paula McCreery are citizens of Missouri, diversity jurisdiction exists in this case.

5.	There is a current case and controversy between the parties to this action.  This Complaint for Declaratory Judgment is initiated pursuant to Rule 57 and the Federal Declaratory Judgment Act, codified at 28 U.S.C. § 2201, to obtain a declaration of American Family Mutual Insurance Company's legal obligations under an insurance policies issued to Timothy McCreery and Paula McCreery (hereinafter collectively referred to as "Defendants").

6.	This Court has original jurisdiction over this matter under 28 U.S.C. § 1332(a) because it is a civil action between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

7.	Venue is proper in the United States District Court for the Eastern District of Missouri under 28 U.S.C. § 1391(b)(1) and Local Rule 3-2.07 because all defendants are citizens of the State of Missouri and reside in the Eastern Division of the United States District Court for the Eastern District of Missouri.

8.	That on March 19, 2013 there was in effect at American Family policy of insurance known as Policy No. 24-PW6352-01 issued to Timothy and Paul McCreery; that said policy contained liability coverage in the amount of $300,000; said policy insured Defendants'

residence commonly known as 104 West Swon, Webster Groves, Missouri; and a copy of said policy is attached hereto, known as Exhibit 1, and incorporated herein by reference.

9. That on March 19, 2013 there was in effect an American Family policy of insurance known as Policy No. 24-BU5741-01 issued to Timothy and Paula McCreery; said policy contained liability coverage in the amount of $300,000; said policy insured the property known as 18 Squires Lane, St. Louis, MO 63131; and a copy of said policy is attached hereto, known as Exhibit 2, and incorporated herein by reference.

10. David Porthouse and Lisa Porthouse have asserted claims for damages against Defendants as a result of the sale of the residence known as 104 West Swon, Webster Groves, Missouri that occurred on or about March 19, 2013 and all as more particularly set forth in litigation known as **David R. II and Lisa K. Porthouse v. Timothy A. and Paul J. McCreery, et. al.,** Case Number 15SL-CC02126 presently pending in the Circuit Court of St. Louis County, Missouri (hereinafter "Underlying Litigation").  A copy of said Petition is attached hereto, known as Exhibit 3, and incorporated herein by reference.

11. That as a result of the litigation being filed by David and Lisa Porthouse American Family has been called upon to provide indemnification and a defense to Defendants.

12. That the aforementioned policy of insurance known as 24-PW6352-01 provides the following as to liability coverage:

**DEFINITIONS**

   **The following words in this policy have defined meanings.**
   **They will be printed in bold type.**

   1. **Bodily injury** means bodily harm, sickness or disease. It includes resulting loss of services, required care and death.

      **Bodily injury** does not include:

c. emotional or mental distress, mental anguish, mental injury, or any similar injury unless it arises out of actual bodily harm to the person.

9. **Occurrence** means an accident, including exposure to conditions, which results during the policy period, in:

a. **bodily injury**; or

b. **property damage**.

Continuous or repeated exposure to substantially the same general harmful conditions is considered to be one **occurrence**.

11. **Property damage** means physical damage to or destruction of tangible property, including loss of use of this property. Loss of use of tangible property does not include any resulting loss of value of such damaged property.

## LIABILITY COVERAGES - SECTION II

## COVERAGE D - PERSONAL LIABILITY COVERAGE

**We** will pay, up to **our limit**, compensatory damages for which any **insured** is legally liable because of **bodily injury** or **property damage** caused by an **occurrence** covered by this policy.

**Defense Provision**.

If a suit is brought against any **insured** for damages because of **bodily injury** or **property damage** caused by an **occurrence** to which this policy applies, **we** will provide a defense at **our** expense by counsel of **our** choice. **We** will defend any suit or settle any claim for damages payable under this policy as **we** think proper.

## EXCLUSIONS - SECTION II

**Coverage D - Personal Liability and Coverage E – Medical Expense** do not apply to:

10. **Intentional Injury**. **We** will not cover **bodily injury** or **property damage** caused intentionally by or at the direction of any **insured** even if the actual **bodily injury** or **property damage** is different than that which was expected or intended from the standpoint of any **insured**.
13. **Pollution Damage**. **We** will not cover **bodily injury** or **property damage** arising out of the actual, alleged or threatened discharge, dispersal, release, escape, seepage, trespass, wrongful entry, migration, ingestion, inhalation or absorption of **pollutant**s from any source.

**We** will not pay for any loss, cost, expense, fine or penalty to test for, monitor, clean up, remove, contain, treat, detoxify, neutralize or dispose of **pollutant**s, whether or not such

actions are done voluntarily or at the direction, request or demand of any governmental body or agency, any other authority, person or organization, or as a result of any suit.

**Coverage D - Personal Liability** does not apply to:

1. **Contractual Liability**. **We** will not cover personal liability under any contract or agreement.
This exclusion does not apply to written contracts:

   a. directly relating to the ownership, maintenance or use of the **insured premises** not excluded in 2 below or elsewhere in this policy; or

   b. in which the **insured** assumes the liability of others prior to the **occurrence**.

3. **Property Owned or Controlled**.  **We** will not cover **property damage** to:

   a. property owned by any **insured**;

   b. property borrowed, used or occupied by, rented to or in the care of any **insured**; or

   c. property owned by a corporation or association of property owners of which any **insured** is a member.

**We** will, if any **insured** is legally obligated, pay for **property damage** to item b above caused by fire, smoke or explosion.

4. **Punitive Damages**.  **We** will not cover punitive or exemplary damages.

**DEFINITIONS**

**The following words in this policy have defined meanings.
They will be printed in bold type.**

10. **Pollutant** means any solid, liquid, gaseous or thermal irritant or contaminant, in any form, including, but not limited to lead, asbestos, formaldehyde, radon, any controlled chemical substance or any other substance listed as a hazardous substance by any governmental agency. It also includes smoke, vapor, soot, fumes, alkalis, chemicals, garbage, refuse and waste.  Waste includes materials to be recycled, reconditioned or reclaimed.

13. That the aforementioned policy of insurance known Policy No. 24. BU-5741-01

also provides the following as to liability coverage:

**DEFINITIONS**

**The following words in this policy have defined meanings.**

**They will be printed in bold type.**

1.  **Bodily injury** means bodily harm, sickness or disease. It includes resulting loss of services, required care and death.

**Bodily injury** does not include:

>   c.  emotional or mental distress, mental anguish, mental injury, or any similar injury unless it arises out of actual bodily harm to the person.

9.  **Occurrence** means an accident, including exposure to conditions, which results during the policy period, in:

>   a. **bodily injury**; or
>
>   b. **property damage**.

Continuous or repeated exposure to substantially the same general harmful conditions is considered to be one **occurrence**.

11.  **Property damage** means physical damage to or destruction of tangible property, including loss of use of this property.  Loss of use of tangible property does not include any resulting loss of value of such damaged property.

## LIABILITY COVERAGES - SECTION II

## COVERAGE D - PERSONAL LIABILITY COVERAGE

>   **We** will pay, up to **our limit**, compensatory damages for which any **insured** is legally liable because of **bodily injury** or **property damage** caused by an **occurrence** covered by this policy.
>
>   **Defense Provision**.
>   If a suit is brought against any **insured** for damages because of **bodily injury** or **property damage** caused by an **occurrence** to which this policy applies, **we** will provide a defense at **our** expense by counsel of **our** choice. **We** will defend any suit or settle any claim for damages payable under this policy as **we** think proper.

## EXCLUSIONS - SECTION II

**Coverage D - Personal Liability and Coverage E – Medical Expense** do not apply to:

10.  **Intentional Injury**.  **We** will not cover **bodily injury** or **property damage** caused intentionally by or at the direction of any **insured** even if the actual **bodily injury** or **property damage** is different than that which was expected or intended from the standpoint of any **insured**.

13.  **Pollution Damage**.  **We** will not cover **bodily injury** or **property damage** arising out of the actual, alleged or threatened discharge, dispersal, release, escape, seepage, trespass, wrongful entry, migration, ingestion, inhalation or absorption of **pollutant**s from any source.

**We** will not pay for any loss, cost, expense, fine or penalty to test for, monitor, clean up, remove, contain, treat, detoxify, neutralize or dispose of **pollutant**s, whether or not such actions are done voluntarily or at the direction, request or demand of any governmental body or agency, any other authority, person or organization, or as a result of any suit.

14.  **Premises Owned, Rented or Controlled**.  **We** will not cover **bodily injury** or **property damage** arising out of any act or omission occurring on or in connection with any premises owned, rented or controlled by any **insured** other than an **insured premises**.

**Coverage D - Personal Liability** does not apply to:

1.  **Contractual Liability**. **We** will not cover personal liability under any contract or agreement.

This exclusion does not apply to written contracts:

   a.  directly relating to the ownership, maintenance or use of the **insured premises** not excluded in 2 below or elsewhere in this policy; or

   b.  in which the **insured** assumes the liability of others prior to the **occurrence**.

3.  **Property Owned or Controlled**.  **We** will not cover **property damage** to:

   a.  property owned by any **insured**;

   b.  property borrowed, used or occupied by, rented to or in the care of any **insured**; or

   c.  property owned by a corporation or association of property owners of which any **insured** is a member.

**We** will, if any **insured** is legally obligated, pay for **property damage** to item b above caused by fire, smoke or explosion.

4.  **Punitive Damages**.  **We** will not cover punitive or exemplary damages.

**DEFINITIONS**

**The following words in this policy have defined meanings.
They will be printed in bold type.**

5.  **Insured**

    a.  **Insured** means **you**

6.  **Insured premises**

    a.  Described Location:

       (1) If **you** own the one or two family dwelling described in the Declarations, the **insured premises** means: that dwelling, related private structures and grounds at that location where **you** reside;

       (2) If **you** own the townhouse or row house at the location described in the Declarations, the **insured premises** are: that townhouse or row house, related private structures and grounds used or occupied solely by **your** household for residential purposes at that location.

    b.  For Personal Liability and Medical Expense Coverages, **insured premises** also include:

       (1) other premises listed in the Declarations;

       (2) the part of any residential premises **you** acquire for **your** occupancy during the policy period if **we** are notified within 30 days following the date **you** acquired such premises;

       (3) vacant land (other than farm land) owned by or rented to an **insured**.  This includes land on which a one or two family dwelling is being built for the personal use of an **insured**;

       (4) an **insured**'s individual or family cemetery lots and burial vaults;

       (5) the part of any residential premises not owned by an **insured**, while an **insured** is temporarily residing there; and

       (6) any premises **you** use in connection with the described location.

    c.  For Personal Liability Coverage:

The **insured premises** also includes any other premises which an **insured** may occasionally rent for other than **business** purposes.

10.  **Pollutant** means any solid, liquid, gaseous or thermal irritant or contaminant, in any form, including, but not limited to lead, asbestos, formaldehyde, radon, any controlled chemical substance or any other substance listed as a hazardous substance by any governmental agency. It also includes smoke, vapor, soot, fumes, alkalis, chemicals, garbage, refuse and waste.  Waste includes materials to be recycled, reconditioned or reclaimed.

14.  **You** and **your** refer to the person or people shown as the named **insured** in the Declarations. These words also refer to **your** spouse who is a resident of **your** household.

14. That the damages being claimed by David and Lisa Porthouse resulting from the sale of the property known as 104 West Swon, Webster Groves, Missouri which are subject of the underlying litigation are not covered and/or are excluded from coverage under the policies of insurance identified as exhibits 1 and 2 by reason of the aforementioned terms.

15. Additionally, with regard to Policy No. 24BU-5741-01, Defendants do not meet the definition of insureds nor does the property known as 104 West Swon, Webster Groves, Missouri meet the definition of insured premises.

16. That this court is empowered to declare the rights and obligations of Plaintiff American Family under the two policies identified above; that Plaintiff American Family is entitled to judgment declaring that there is no coverage for any liability of Defendants Timothy McCreery and Paula McCreery arising out of the actions filed by David and Lisa Porthouse against said Defendants as asserted in the Underlying Litigation known as **David R. II and Lisa K. Porthouse v. Timothy A. and Paul J. McCreery, et. al.h,** Case Number 15SL-CC02126 identified as Exhibit 3 hereto; that no coverage exists for any claims arising out of the underlying litigation; that Plaintiff American Family is not liable under its policies previously identified as Exhibits 1 and 2 under the liability portions of said policies; and that Plaintiff American Family has no obligation to defend Defendants in the underlying litigation filed by David and Lisa Porthouse or any other action arising out of the alleged claims referred to in the underlying litigation; that Plaintiff American Family had the duty to investigate, pay cost or expenses of Defendants in any litigation or claim arising out of the circumstances previously set forth.

WHEREFORE, Plaintiff American Family Mutual Insurance Company respectfully prays this Honorable Court issue its order declaring that no coverage exists under Policy No. 24-PW6352-01 and Policy No. 24-BU5741-01 for any liability of Defendants Timothy McCreery and/or Paula McCreery which may be found against them in any present or future claim or litigation arising out of the incidents more particularly described in the Underlying Litigation known as **David R. II and Lisa K. Porthouse v. Timothy A. and Paul J. McCreery, et. al.h,** Case Number 15SL-CC02126, presently pending in the Circuit Court of St. Louis County, Missouri; that Plaintiff American Family Mutual Insurance Company is not liable to Defendants under the aforementioned insurance policies; that Plaintiff American Family Mutual Insurance Company is not liable under its policies previously identified as Exhibits 1 and 2 to defend, investigate, pay costs or expenses of Defendants in any present or future claim or litigation filed by David and Lisa Porthouse; and Plaintiff American Family Mutual Insurance Company further prays for its costs and attorneys' fees herein expended along with any such further orders as this Honorable Court deems just and proper under the circumstances

*/s/Sean P. Dolan*
Robert J. Wulff, EDMo Bar No.: 34081MO
Sean P. Dolan, EDMo Bar No.: 62849MO
EVANS & DIXON, L.L.C.
Attorney for Plaintiff American Family
211 North Broadway, 25th Floor
St. Louis, Missouri  63102
Wulff: (314) 552-4054 (Phone)
Wulff: (314) 884-4454 (Fax)
Dolan: (314) 552-4003 (Phone)
Dolan: (314) 884-4403 (Fax)
rjwulff@evans-dixon.com;
sdolan@evans-dixon.com